ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Zara Company | ) | ASBCA No. 58632 |
| | ) | |
| Under Contract No. CPCG4262170833 | ) | |

APPEARANCE FOR THE APPELLANT:  Mr. Ali Ahmad
                                Owner

APPEARANCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
                                  Army Chief Trial Attorney
                                  CPT Michael E. Barnicle, JA
                                  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant, Zara Company (Zara), filed a notice of appeal with this Board, attaching an unsigned document purporting to be a contract with the United States Army. The notice of appeal claims that Zara is entitled to a "residual payment." The government has moved to dismiss the appeal for lack of jurisdiction. The motion is granted.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 4 October 2012, Mr. Ali Ahmad of Zara sent an email to Contracting Officer Joan Wysoske, Chief of the Reachback Closeouts Office for the U.S. Army Contracting Command-Rock Island. The email states: "Our records indicate that we have a payment did not receive the contract CPCG4262170833. Please check and told me." (R4, tabs 5, 10) Mr. Ahmad essentially repeated that message in emails dated 5, 6, and 7 October 2012. On 10 October 2012, Ms. Wysoske responded, stating that she did not recognize the contract number and asked for a copy of the contract which she would use to research it. (R4, tab 7)

On 11 October 2012, Mr. Ahmad sent an email to Ms. Wysoske stating that a copy of the contract was attached. The accompanying document purports to be on Army letterhead and is titled "CONTRACT AGREEMENT." It has the number CPCG4262170833 and names Zara Company (Ali Ahmad) as the contractor to provide certain described photographic equipment for $10,405. The document contains a signature over Mr. Ahmad's signature block. A signature block for CPT Lorie Huff was

typed in as the government representative, but the document is not signed by her. (R4, tab 6)

On 15 October 2012, Mr. Ahmad emailed Ms. Wysoske stating that he was still waiting for an answer about his payment. Ms. Wysoske responded that day that her office did not handle these types of contracts and that she could not pay on the document provided. Mr. Ahmad inquired as to whether providing "the appeal number" would be enough to provide information about the contract. He also stated he had a "bill of delivery." Ms. Wysoske replied that Mr. Ahmad could send what he had and she would review it, but reiterated that her office did not have the file and did not handle these types of contracts. On 16 October 2012, Mr. Ahmad emailed Ms. Wysoske "to tell you this appeal NO. W91GFB-06-Q-2204. before the contract award. I hope to be assistant to you and help me." He repeated that message on 18 October 2012. On 19 October 2012, Ms. Wysoske responded that Mr. Ahmad had sent a solicitation number that was of no assistance. She stated she was sorry, but could not find anything on the contract and could not help him. (R4, tab 7)

On 22 April 2013, the Board received an email from Mr. Ahmad stating: "Our company was awarded the contract *CPCG4262170833*. our records Found that there is a residual payment dis is received on this the contract . Please check and told me." Attached to the email was a document identical to the one provided to Ms. Wysoske on 11 October 2012. The Board docketed the email as an appeal. The government has moved to dismiss this appeal on the ground that it is not in privity of contract with Zara, that the purported contract arises from the Commanders' Emergency Response Program (CERP) and is not a procurement contract subject to this Board's jurisdiction, and because Zara did not submit a claim to the contracting officer. Zara did not file an opposition to the government's motion.

## DECISION

Our jurisdiction to decide an appeal is typically governed by the Contract Disputes Act (CDA), 41 U.S.C. § 7101-7109.[1] The CDA applies to express or implied contracts

---

[1] In addition to appeals under the CDA, our charter permits us to entertain appeals "(b) pursuant to the provisions of contracts requiring the decision by the Secretary of Defense or by a Secretary of a Military Department or their duly authorized representative, or (c) pursuant to the provisions of any directive whereby the Secretary of Defense or the Secretary of a Military Department or their authorized representative has granted a right of appeal not contained in the contract on any matter consistent with the contract appeals procedure." Armed Services Board of Contract Appeals Charter, 48 C.F.R. ch. 2 appx. A, pt. 1, ¶ 1 (2013). No suggestion has been made that the purported contract here invokes these authorizations, nor is there any indication it would.

2

by executive agencies for the procurement of property (other than real property); services; construction, repair, or maintenance of real property; or the disposal of personal property. 41 U.S.C. § 7102(a). For purposes of this decision, we assume without deciding that the government entered into a contract with Zara to procure the property described in the document provided by Zara with its notice of appeal. Nevertheless, the appeal must still be dismissed.

Under the CDA, to pursue an appeal a contractor must have submitted a claim to a contracting officer for decision or a deemed denial. 41 U.S.C. § 7103; *see also Lael Al Sahab & Co.,* ASBCA No. 58346, 13 BCA ¶ 35,394 at 173,658. A valid claim must be a written demand seeking as a matter of right the payment of money in a sum certain. *Northrop Grumman Computing Sys., Inc. v. United States,* 709 F.3d 1107, 1112 (Fed. Cir. 2013). Even if one or more of Zara's various email messages to Ms. Wysoske could be construed to be a written demand seeking the payment of money as a matter of right, none of them specify a sum certain. Therefore, the appeal is dismissed for lack of jurisdiction.[2]

## CONCLUSION

The appeal is dismissed for lack of jurisdiction.

Dated: 23 April 2014

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[2] Because we decide the threshold question of whether a claim has been filed by Zara, we do not reach the question of whether agreements under the CERP are within our jurisdiction.

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58632, Appeal of Zara Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals